UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

**CIVIL ACTION NO. 13-120-DLB**

**ROBIS OSUEL SOLIS-CACERES**                              **PLAINTIFF**

vs.                  **MEMORANDUM OPINION AND ORDER**

**UNITED STATES OF AMERICA**                              **DEFENDANT**

*** *** *** ***

Robis Osuel Solis-Caceres is a prisoner incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Solis-Caceres filed this action against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, on August 19, 2013. (Doc. #1) After the Court denied his motion to proceed *in forma pauperis* because he was subject to the "three strikes" bar of 28 U.S.C. § 1915(g), (Doc. #4), he subsequently paid the $400.00 filing fee. (Doc. #8)

In his complaint, Solis-Caceres alleges that on August 19, 2011, he fell while playing soccer at the prison and injured his right ankle. Prison officials placed him on a stretcher, gave him an injection for the pain, and he was taken by ambulance to a local hospital. After x-rays were taken, Solis-Caceres was transferred to another hospital in West Virginia, where a physician examined him and his ankle was wrapped and immobilized. Plaintiff was then returned to the prison, where he walked with the assistance of crutches. On or about September 14, 2011, his ankle was set in a cast. By November 2011, medical staff determined that surgery would be required to repair damage to Solis-Caceres's ankle. That

1

surgery occurred on February 28, 2012.  After the cast was removed in late April 2012, plaintiff states that medical staff told him that unless his ligaments re-attached, his right foot would always remain "loose."  Solis-Caceres alleges that his foot has remained loose, that he suffers pain in his right ankle, and that he suffers pain in his left knee because he must compensate for the limited amount of weight his right foot may bear.  This is in contrast to the assessment of the BOP's orthopedic surgeon, who reported on July 18, 2012, that the plaintiff had improved dramatically and dismissed him from the orthopedic clinic.  (Doc. #9-1, p. 2)  Solis-Caceres seeks $3 million in compensatory and punitive damages for the allegedly unreasonable delay in diagnosing and treating his injury.  (Doc. #1, pp. 2-5)

The Court must conduct a preliminary review of Solis-Caceres's complaint because he asserts claims against government officials.  28 U.S.C. §§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  The Court evaluates Solis-Caceres's complaint under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On October 23, 2013, the Court entered an Order directing Solis-Caceres to pay the filing fee for this action.  The Order further directed him to file documents into the record establishing that he had, before he filed suit, satisfied 28 U.S.C. § 2675(a) by requesting administrative settlement of his claim from the Bureau of Prisons and that his request had

been denied. The Court's Order specifically advised Solis-Caceres that "[i]f the plaintiff did not both file an administrative claim and receive a denial from the agency before filing suit, the FTCA mandates the dismissal of a suit against the United States." (Doc. # 4, p. 3) (emphasis added).

On November 8, 2013, Solis-Caceres filed a motion requesting a 45-day extension of time to pay the $400 filing fee, indicating that the additional time was needed for his family in Guatemala to mail him the funds. In his motion, Solis-Caceres also stated that he "ha[d] ardently attempted to obtain a copy of a filed Standard Form 95" to establish that he had complied with § 2675(a), but that he had "been unable to obtain said form." (Doc. #5) On December 16, 2013, the Court granted the plaintiff's motion, giving him until January 17, 2014, to file the required documents. (Doc. #7)

Payment of the filing fee was received on January 13, 2014. (Doc. #8) On January 17 and 22, 2014, the Court received copies of Solis-Caceres's "Notice of Compliance with Court's Order." (Doc. #9, 10) In each, the plaintiff enclosed a copy of a claim form dated November 11, 2013, that he filed with the BOP regarding his injuries. (Doc. #9-1, p. 3; #10-1, p. 4) Solis-Caceres also included a December 18, 2013, letter from the BOP administratively denying his request for settlement. (Doc. #9-1, pp. 1-2; #10-1, pp. 2-3)

As the Court previously indicated, it must dismiss Solis-Caceres's complaint because he failed to administratively exhaust his claims under the FTCA before he filed suit. The FTCA provides, in pertinent part, that:

> An action shall not be instituted upon a claim against the United States for money damages for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government ... unless the claimant shall have first presented the claim to the appropriate Federal

agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Here, Solis-Caceres did not file a request for administrative settlement of his claim until November 11, 2013, three months after he filed this action and one month after the Court advised him of the need to have completed this step before he filed suit. Where, as here, the plaintiff only sought settlement of the claim after the suit has been filed, subject matter jurisdiction over the claim is lacking. *Myers v. United States*, 526 F.3d 303, 305 (6th Cir. 2008). This defect may not be cured merely because the plaintiff completes the exhaustion process while the suit remains pending, *McNeil v. United States*, 508 U.S.106, 110-12 (1993), or because the plaintiff is proceeding without counsel, *id.* at 113.

Accordingly, **IT IS ORDERED** that:

1. Robis Solis-Caceres's complaint (Doc. #1) is **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter a Judgment contemporaneously with this Order.

3. This matter is **STRICKEN** from the active docket.

This 22nd day of April, 2014.



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\Opinions\Ashland\13-120 MOO dismissing compalint on initial screening.wpd